IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALVIN CEDRIC WEATHERSBY | § | |
| | § | |
| v. | § | Case No. 2:11-CV-450-RSP |
| | § | |
| ERIC HARMON | § | |

**MEMORANDUM ORDER**

During the July 19 telephone conference with counsel concerning the Plaintiff's Motion to Continue Trial (Dkt. No. 68), which was withdrawn by Plaintiff, counsel for Defendant sought clarification of the Court's ruling on the motions in limine. Specifically, Defendant inquired whether the Court had excluded evidence concerning the events leading to the arrest of Plaintiff and his booking into the jail, where the altercation between the parties occurred. The Court's ruling at the July 10 Pretrial Conference was that only events known to Defendant Harmon, the Jailer, would be admissible. In other words, all of the events that occurred outside Harmon's presence, including the events leading to the arrest and any resistance by Plaintiff, would not be admitted. Evidence of these events could have no bearing on why Harmon did what he did. Rather, it would be relevant only to show that someone who does such things is the type of person who would resist the Jailer and justify the use of force against him. This is clearly the kind of character evidence prohibited by Rule 404(b).

This situation is very different with those cases dealing with evidence that the Plaintiff was under the influence of drugs or alcohol at the time of his arrest. *E.g., Boyd v. City and County of San Francisco,* 576 F.3d 938 (9th Cir. 2009). Those cases show that the fact of intoxication at the time of the altercation make it more likely that the plaintiff behaved in the manner claimed by police. Here, the reasonableness of Harmon's conduct has only to do with

1

what Harmon perceived when dealing with Plaintiff.  Accordingly, Defendant may offer evidence that Plaintiff was being booked on traffic offenses, but not the underlying conduct not perceived by or known to Harmon.

**SIGNED this 21st day of July, 2013.**

                                                            _____
                                                            ROY S. PAYNE
                                                            UNITED STATES MAGISTRATE JUDGE